## Workman Estate

*M. Paul Smith* of *Smith, Cahall and Aker*, and *Murray H. Spahr, Jr.*, for accountant.

TAXIS, P. J., December 11, 1957.—The reason or purpose of the filing of the account before the court is the death of Robert Aitken Workman, settlor and life tenant. He died on May 26, 1957, leaving a last will and testament bearing date January 24, 1955, with codicil thereto bearing date January 28, 1955, on which letters testamentary were granted to Murray H. Spahr, Jr., and Roland B. Whitridge, Jr., the executors

therein named. Settlor's wife, Frances B. Workman, predeceased him, having died March 24, 1948, without issue . . .

The question is submitted in the petition for adjudication whether any Pennsylvania inheritance tax or Federal estate tax that may be found to be due shall be charged against the corpus of this trust or against the residue of the testamentary estate.

The tax clause in this deed states the following:

"All inheritance, federal estate and succession taxes, if any shall be found to be payable, shall be paid from the corpus or principal of the trust estate, so that any life estate hereunder shall be paid over and enjoyed without deduction for any such taxes."

The tax clause in the will of settlor reads as follows:

"Twelfth: I direct that all estate, succession and inheritance taxes of whatsoever character or nature, whether State or Federal, payable upon my estate, or by the beneficiaries designated herein by reason of the provisions made for them under this my Will or any Codicil hereto, or upon any property or interest includable for the purpose of computing such taxes (whether or not passing to or in the possession of my Executors) shall be paid out of and borne by the principal of my residuary estate without any reimbursement therefor. I authorize my Executors to pay all such taxes at such time or times as they may deem advisable."

The language of settlor in the tax clause of this deed, quoted above, exonerates the beneficiaries of the income, who were himself and his wife, from the payment of the taxes mentioned and from the necessity of giving security for the payment thereof, by subjecting the principal of the trust to the payment of such taxes. This is clear from the words: ". . . so that any life estate hereunder shall be paid over and enjoyed

without deduction for any such taxes." It follows, therefore, that he intended that the remainder of principal should bear all of the taxes. The deed contains a specific clause of irrevocability.

A consideration of these factors impels the conclusion that the tax exoneration clause in settlor's will cannot operate to relieve the principal of this trust from payment of all estate, succession and inheritance taxes, which have been or may be assessed in relation to this trust, and I hereby direct that such taxes be paid from the balance of principal for distribution as shown by the present account, and that such payment be reflected in the schedule of distribution which is hereinafter directed to be prepared . . .

And now, December 11, 1957, this adjudication is confirmed nisi.